## NEGLIGENCE IN DRIVING ALONG A STREET RAILWAY TRACK.

Circuit Court of Hamilton County..

THE CINCINNATI TRACTION CO. v. LOUIS KROGER.

Decided, June 15, 1907.

*Negligence—And Presumption of Contributory Negligence—Where a Wagon was Struck by a Street Car—Charge of Court—Doctrine of the Last Chance—High Rate of Speed not Negligence Per Se.*

1. While it is not negligence *per se* to drive along a street railway track in the direction traveled by the cars, a presumption of negligence is raised by the admission of the driver that he traveled for three'hundred feet at a slow trot without looking behind for an approaching car, and that his only reason for being in that position rather than on the side of the street was that the wagon ran more easily on the tracks.

2. It is error to charge a jury with reference to the doctrine of the last chance where there is no allegation in the petition which would warrant an application to the rule of "last chance."

3. Whether a motorman who ran his car at an unusually rapid rate of speed on a dark and stormy night was guilty of negligence as a matter of law depends upon the circumstances of the case.

GIFFEN, J.; SWING, J., and SMITH, J., concur.

Although it is not in itself negligence to drive a wagon along a street railway track in the direction traveled by the cars, it becomes such if the evidence shows that it was needless, and that the driver failed to keep a proper look-out when he knew a car was about due.

The driver in this case, who was an employe of the plaintiff, testified that he had driven about 300 feet at a slow trot without

looking back; that there was no reason why he could not have driven on the left track, or on the left side.of the road, "only it run much easier on the tracks·than it did at the sides"; nor any reason why he could not have looked oftener for an approaching car.

This raised a presumption of contributory negligence which was not removed by plaintiff's testimony. The testimony of the defendant tended to prove that the wagon was in the left track, and suddenly turned into .the right track a moment before being struck by the car, which makes the statement, which was undisputed by the plaintiff's testimony, a disputed fact. No motion was made at the conclusion of plaintiff's evidence, hence this court can not now say as matter of law that the plaintiff's driver was guilty of contributory negligence.

There is no allegation in the petition of such negligence of the defendants as warrants the application of the rule of "last chance"; hence the court erred in charging the jury upon this doctrine both in the general charge and in special instruction Number 3. *Drown* v. *The Northern Traction Co.*, 76 O. S., —.

The court erred also in charging the jury without qualification that " the burden of proving contributory negligence on the part of the plaintiff's driver is upon the defendant."

In answer to a question by the foreman of the jury after their retirement the court charged as follows:

"A motorman who runs his car at an unusually fast rate of speed on a dark and rainy night under the circumstances of *every particular case* is guilty of negligence; and if such negligence directly or proximately causes injuries, the traction company is liable."

This was too broad and should have been confined to the circumstances of this particular case; nor is it sound as a general proposition of law, for the rain and slippery track on a down grade or other circumstances beyond the control of the motorman may have caused the unusual speed.·

The trial judge might well have set the verdict aside because not sustained by sufficient evidence, but this is not so manifest as to require this court to reverse the judgment.

For the errors above stated the judgment will be reversed and the cause remanded for a new trial.

*Geo. P. Stimson,* for plaintiff in error.

*James R. Jordan* and *Geoffrey Goldsmith,* contra.